UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00270-MOC

IN RE:                                          )
**APPLEWOOD PROPERTIES, LLC**                   )
                                                )
                        Debtor.                 )
                                                )


**ORDER**


 **THIS MATTER** is before the court on the Certification of the Bankruptcy Court of

Contempt and Order Recommending Withdrawal of Reference (#1).   In such certification,

Honroable J. Craig Whitley, United States Bankruptcy Judge, recommends and certifies to this

court that **JGH GLOBAL, INC.** is in criminal contempt.

 Civil and criminal contempt actions are distinguished on the basis of the nature of the

relief requested: (1) if the relief is remedial, coercive or compensatory, the contempt is civil; (2)

if the relief is punitive (which would be a sentence of imprisonment for a definite period or a

punitive monetary penalty in the case of a corporation), then the contempt is criminal. Hicks v.

Feiock, 485 U.S. 624, 631-36 (1988); International Union, United Mine Workers of America v.

Bagwell, 512 U.S. 821, 829 (1994).  Unlike the standard for civil contempt which need only be

shown by "clear and convincing evidence," criminal contempt must be shown 'beyond a

reasonable doubt."  The Court of Appeals for the Fourth Circuit has held, as follows:

>  A court may impose sanctions for civil contempt "to coerce obedience to a
> court order or to compensate the complainant for losses sustained as a result of the
> contumacy." *In re General Motors Corp.*, 61 F.3d 256, 258 (4th Cir.1995)
> (internal quotation marks and citation omitted). Imposition of civil contempt

sanctions requires fewer procedural protections than those necessary for the imposition of criminal contempt sanctions. *See Bagwell*, 512 U.S. 821, 830-31, 114 S.Ct. 2552. For example, unlike a finding of criminal contempt, which must rest on proof of guilt beyond a reasonable doubt, a finding of civil contempt can be established by "clear and convincing evidence." *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir.2000); 11A Wright, Miller & Kane, *Federal Practice and Procedure* § 2960, at 380 (2d ed.1995). Similarly, because they are civil, not criminal, proceedings, the right to counsel is not guaranteed in civil contempt proceedings.

<u>Cromer v. Kraft Foods North America, Inc.</u>, 390 F.3d 812, 821 (4th Cir. 2004).

The court has considered the Certification by the Bankruptcy Judge and determined that probable cause exists to prosecute **JGH GLOBAL, INC.** on criminal contempt.  In accordance with Rule 42(a)(2), Federal Rules of Criminal Procedure, the court will request that the United States Attorney for the Western District of North Carolina prosecute such criminal contempt

Having considered the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference  (#1) is **GRANTED**, and reference of the criminal contempt proceedings are **WITHDRAWN** from the Bankruptcy Court, with the remainder of  the  case (12-33006) remaining in the Bankruptcy Court;

(2)     the United States Attorney for the Western District of North Carolina is requested in accordance with Rule 42(a)(2) to prosecute this matter, and, if she declines to do so, to so advise the court not later than May 17, 2013, so that another attorney may be appointed to prosecute in lieu of the government;  and

(3)     in accordance with Rule 42(a)(1), **NOTICE** is hereby given to **JGH GLOBAL, INC.,** that: a charge of Criminal Contempt has been lodged against it; such matter will be tried on June 19, 2013, at 2 p.m., in the United States Courthouse, Charlotte, N.C.; it has a right to be represented by counsel and has until such date to prepare a defense; and the essential facts constituting such criminal contempt are contained in the Certification of the Bankruptcy Court of Contempt and Order Recommending Withdrawal of Reference (#1).

The United States Marshal shall serve a copy of this Order on

**JGH Global Inc.**
1302 Sorento Circle
Melbourne, FL 32904-3104

The Clerk of Court shall send a copy of this Order to counsel of record, the Clerk of the Bankruptcy Court, and the following attorneys:

**Mr. Brian W. Stone, Esq.**
As counsel for JGH GLOBAL, INC.
*Stone & Witt, P.A.*
301 S. McDowell St.
Suite 1000
Charlotte, NC 28204
(704) 333-5184

**Honorable Anne Tompkins, Esq.**
United States Attorney for the Western District of North Carolina

Max O. Cogburn Jr.
United States District Judge