UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO.: 3:13CV270-MOC

IN RE: )
APPLEWOOD PROPERTIES, LLC )
)
Debtor. )

**[PROPOSED] CONSENT ORDER**

**THIS MATTER** is before the Court on the Certification of the Bankruptcy Court of Contempt (Doc. 1), granted by this Court in an Order dated May 13, 2013 (Doc. 2). Whereas the United States, by and through Anne M. Tompkins, United States Attorney for the Western District of North Carolina, and Defendant JGH Global, Inc. ("JGH"), have petitioned this Court to enter a consent order of criminal contempt against JGH, the Court finds as follows:

1. The undersigned, Bryan W. Stone, warrants and certifies that he is duly authorized to enter into this Consent Order on behalf of JGH and that JGH's decision to enter into this Consent Order is informed and voluntary.

2. JGH agrees to waive its right to a trial in this matter, in which it would be entitled to the assistance of counsel; would be permitted to present a defense, cross-examine witnesses, and not to incriminate itself; and would have the right to have its guilt determined by proof beyond a reasonable doubt. *See Bradley v.*

*American Household, Inc.*, 378 F.3d 373, 379 (4th Cir. 2004) (listing the protections afforded a defendant in a criminal contempt proceeding).

    3.    The United States and JGH agree and stipulate to the following facts:

    (a) Debtor Applewood Properties, LLC ("Applewood") filed a petition, pursuant to Chapter 11 of the Bankruptcy Code, on December 21, 2012, in the United States Bankruptcy Court for the Western District of North Carolina ("Bankruptcy Court"), in Case No. 12-33006 (Bankruptcy Doc. 1). JGH was listed in the petition as a party with whom Applewood had a contract (*Id.* at 4).

    (b) The terms of the contract between Applewood and JGH were set forth in a Memorandum of Understanding ("MOU") entered into on or around November 1, 2012, in which JGH agreed to obtain funding on behalf of Applewood in the amount of $2,500,000 (Bankruptcy Doc. 22, Ex. A). Applewood agreed to wire $125,000 to JGH to cover the initial costs of obtaining the loan (*Id.* at 1). The MOU provided that if Applewood did not receive the loan proceeds by November 28, 2012, "all payments made to JGH by [Applewood] (including the $125,000 expense payment . . .) shall be refunded . . . within 5 banking days" (*Id.* at 3).

    (c) On or around November 6, 2012, pursuant to the terms of the MOU, Applewood wired $125,000 to JGH's account at PNC Bank. Applewood did not receive the loan proceeds by November 28, 2012, and, contrary to the terms of the MOU, JGH did not refund the $125,000 within five days of that date.

(d) On February 6, 2013, Applewood filed a Motion for Turnover, which it amended the next day, requesting an order from the Bankruptcy Court directing JGH to turn over any and all payments made by Applewood to JGH, including the $125,000 ("Funds") (Bankruptcy Docs. 22 and 23).

(e) JGH failed to respond to the Motion for Turnover. In an order dated February 26, 2013, the Bankruptcy Court granted the Motion for Turnover, directing JGH to remit the Funds no less than eleven days from the date of the order, to be held in trust by counsel for Applewood pending further direction from the Bankruptcy Court ("Turnover Order") (Bankruptcy Doc. 28). The Bankruptcy Court scheduled a hearing to review JGH's compliance with the Turnover Order and warned that should JGH fail to comply with the terms of the Turnover Order, the Bankruptcy Court would consider a finding of civil contempt (*Id.* at 2).

(f) JGH did not return the Funds, in violation of the terms of the Turnover Order.

(g) On March 19, 2013, the Bankruptcy Court issued a Civil Contempt Order, finding that JGH was in contempt for failing to comply with the Turnover Order (Bankruptcy Doc. 37).

(h) The Civil Contempt Order directed that JGH could purge its contempt if it (a) returned the $125,000 to Applewood's counsel within fourteen days, (b) paid counsel for Applewood $500 in legal fees and costs, and (c) paid $1,000 to the Clerk

of the Bankruptcy Court as a fine (*Id.* at 2). The Civil Contempt Order set a compliance date of April 9, 2013.

(i) JGH did not purge its contempt by April 9, 2013, as directed in the Civil Contempt Order.

(j) In the Certification dated May 3, 2013, the Bankruptcy Court recommended and certified to this Court that JGH was in criminal contempt based on its failure to comply with the Turnover Order and the Civil Contempt Order (Doc. 1 at 3).

(k) Consistent with Rule 42(a) of the Federal Rules of Criminal Procedure, this Court issued an Order dated May 13, 2013, granting the Certification, appointing the United States Attorney to prosecute the matter, and providing notice to JGH that a charge of criminal contempt was pending based on the facts set forth in the Certification (Doc. 2).

(l) Since such time, JGH has placed the sum of one-hundred, twenty-six thousand and five hundred dollars ($126,500) into the IOLTA Client Trust Account of its local counsel in conjunction with the Bankruptcy Court's Orders for Turnover and Civil Contempt.

4. Based on the foregoing stipulations and assertions by JGH, in an attempt to resolve the matter and otherwise avoid further litigation, JGH agrees that it committed the offense of criminal contempt, as set forth in this Court's Order

dated May 13, 2013, and stipulates as follows:

(1) that, through its inaction, JGH violated the Turnover Order issued by the Bankruptcy Court on February 26, 2013, as well as the Civil Contempt Order issued March 19, 2013;

(2) that the Turnover Order and Civil Contempt Order were "definite, clear, specific, and left no doubt or uncertainty in the minds of those to whom [they were] addressed"; and

(3) that, in so doing, JGH acted "willfully, contumaciously, intentionally, and with a wrongful state of mind."

See Ashcraft v. Conoco, Inc., 218 F.3d 288, 295 (4th Cir. 2000) (listing the elements of the offense of criminal contempt).

5. The United States and JGH agree that a fine of $62,500 is the appropriate punishment for such criminal contempt of the Bankruptcy Court's authority.

6. *[The Court finds, for good cause shown, that such a fine is the appropriate punishment for such conduct.]*

**IT IS, THEREFORE, ORDERED** that

(1) JGH is hereby adjudged guilty of criminal contempt of the Bankruptcy Court, as noticed in this Court's Order dated May 13, 2013;

(2) JGH shall pay a fine of *[$62,500]* to the Clerk of this Court;

(3) consistent with the Turnover Order and Civil Contempt Order issued the Bankruptcy Court, counsel for JGH shall (a) remit $125,000 to counsel for Applewood within three days of the date of this Order, (b) counsel for Applewood shall hold or disburse the funds in accordance with any standing order of the Bankruptcy Court in Applewood's case, and (c) counsel for JGH shall pay $500 to counsel for Applewood to be applied toward its legal fees and costs; and (d) JGH's compliance with this Order is without prejudice to Applewood as to the assertion any future claims it may have against JGH, its owners or officers.

ANNE M. TOMPKINS
UNITED STATES ATTORNEY

_____
William M. Miller
Assistant United States Attorney
NC Bar No. 36946
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
(704) 704-344-6222 (phone)
(704) 344-6629 (fax)
William.Miller@usdoj.gov

_____
Bryan W. Stone, Esq.
On Behalf of JGH Global, Inc.

_____
Max O. Cogburn, Jr.
United States District Judge

Signed this the 10th day of July, 2013.